Filed 11/18/21  P. v. Keen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRANDON SCOTT KEEN,<br><br>    Defendant and Appellant. | H049197<br>(Monterey County<br>Super. Ct. No. SS152058A) |

In 2019, a jury convicted defendant Brandon Scott Keen of murder, two counts of assault with a deadly weapon by a state prisoner, and custodial possession of a weapon based on violent attacks he perpetrated on fellow inmates at Salinas Valley State Prison in 2013 and 2016.  Defendant admitted allegations that he had suffered certain prior convictions which were the basis for allegations that he had suffered three prior serious felony convictions and three prior strike convictions.  The trial court sentenced defendant to 141 years to life in prison, including a consecutive 15 years (five years for each of the three prior serious felony enhancements) on each count.

Defendant appealed, arguing that his admissions to the prior convictions were not voluntary and intelligent because he was not advised of his constitutional rights; he also raised sentencing challenges.  This court agreed that the trial court did not advise defendant of any of his rights before accepting his admissions, necessitating reversal and remand for retrial of the prior conviction enhancement allegations.  Our prior opinion *People v. Keen* (Sept. 25, 2020, H046654) [nonpub. opn.] (H046654), noted that the three

alleged prior serious felony convictions arose in just two separate cases such that they supported—at most—two, not three, five-year enhancements.

On remand, a jury found true that defendant had suffered three prior serious felony convictions in two separate cases. At resentencing, the trial court again imposed a consecutive five years for each of the three prior serious felony enhancements on each count.

Defendant appeals, arguing that the trial court erred in imposing three serious felony enhancements per count, as opposed to two, for the reasons set forth in our earlier opinion. The Attorney General concedes error. We accept the concession, strike one of the prior serious felony enhancements, modify the sentence, and affirm the judgment as modified.

## I.  BACKGROUND[1]

Defendant killed his cellmate at Salinas Valley State Prison in October 2013. In August 2016, defendant slashed another inmate's face with an inmate-manufactured weapon during a fight.

The Monterey County District Attorney charged defendant with murder (Pen. Code, § 187, subd. (a), count 1)[2] and assault with a deadly weapon by a state prisoner (§ 4501, subd. (a), count 2) based on the 2013 killing. The information alleged that defendant personally used a deadly weapon within the meaning of section 12022, subdivision (b)(1) in the commission of the murder and that he personally used a deadly weapon within the meaning of sections 667 and 1192.7 in the commission of the assault (§ 969f, subd. (a)). The information charged defendant with assault with a deadly

---

[1] We take the facts and portions of the procedural history from our prior opinion in case No. H046654, where they are set forth more fully, as well as from the record in that appeal. On our own motion, we take judicial notice of our prior opinion and of the record in case No. H046654. (Evid. Code, §§ 452, subd. (d), 459.)

[2] All further statutory references are to the Penal Code unless otherwise indicated.

weapon by a state prisoner (§ 4501, subd. (a), count 3) and custodial possession of a weapon (§ 4502, subd. (a), count 4) based on the 2016 fight and alleged that defendant personally used a deadly weapon within the meaning of sections 667 and 1192.7 in the commission of those crimes (§ 969f, subd. (a)).  Finally, the information alleged that defendant had suffered three prior serious felony convictions (§ 667, subd. (a)(1)), which also qualified as prior strike convictions within the meaning of the Three Strikes law (§§ 667, subd. (b)-(i), 1170.12).

Following trial in 2019, a jury acquitted defendant of first degree murder but convicted him of the lesser included offense of second degree murder.  The jury returned guilty verdicts as to the other charges and found true all the personal use of a weapon allegations.  At sentencing, the trial court imposed a consecutive five years for each of the three prior serious felony enhancements on each count.

On appeal, a panel of this court concluded that the trial court had failed to advise the defendant of his constitutional rights before accepting his admissions to the three prior convictions and that the record failed to show that the admissions were voluntary and intelligent.  Therefore, we reversed and remanded for retrial of the prior conviction enhancement allegations.  We explicitly directed the trial court, on remand, to "impose a five-year enhancement only for each prior serious felony conviction found true *and* brought and tried separately."

A jury trial on the prior conviction allegations took place in March 2021.  The jury found true that defendant was convicted of arson (§ 451, subd. (d)) on September 16, 2008 in the County of Riverside Docket #SWF026709; that defendant was convicted of mayhem (§ 203) on February 21, 2013 in the County of Riverside Docket #SWF1203081; and that defendant was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)) on February 21, 2013 in the County of Riverside Docket #SWF1203081.

3

On June 9, 2021, the trial court resentenced defendant to a state prison term of 101 years to life. On count 1, the court imposed a term of 45 years to life (15 years to life tripled under the Three Strikes law) plus a consecutive five years for each of the three prior serious felony enhancements and a consecutive one year for the personal use of a deadly weapon enhancement for a total of 61 years to life. As to count 2, the court imposed a term of 25 years to life under the Three Strikes law plus a consecutive five years for each of the three prior serious felony enhancements, stayed pursuant to section 654. On count 3, the court imposed a consecutive term of 25 years to life under the Three Strikes law plus a consecutive five years for each of the three prior serious felony enhancements for a total of 40 years to life. As to count 4, the court imposed a term of 25 years to life under the Three Strikes law plus a consecutive five years for each of the three prior serious felony enhancements for a total of 40 years to life, stayed pursuant to section 654.

Defendant timely appealed.

## II. DISCUSSION

Section 667, subdivision (a)(1) provides: "Any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. . . ." "To satisfy the 'brought and tried separately' requirement, 'the underlying proceedings must have been formally distinct, from filing to adjudication of guilt.' [Citations.]" (*People v. Frausto* (2009) 180 Cal.App.4th 890, 903.)

Here, the jury found that defendant suffered three prior serious felony convictions in just two separate cases—County of Riverside Docket #SWF026709 and County of Riverside Docket #SWF1203081. Consequently, as the parties continue to agree, the court erred in imposing three prior serious felony conviction enhancements; it should have imposed two.

4

The parties also agree as to the appropriate remedy. They argue that remand for resentencing is unnecessary and urge us, instead, to strike the unauthorized five-year enhancement from all four counts, modify the sentence to an aggregate term of 91 years to life, and affirm as modified.

Generally, when part of a sentence is stricken, the case is remanded " 'so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, "[b]ecause the trial court imposed the maximum possible sentence, there is no need for the court to again exercise its sentencing discretion." (*People v. Lopez* (2019) 42 Cal.App.5th 337, 342.) Accordingly, we will modify the judgment by striking one five-year enhancement for each count and reducing defendant's sentence to 91 years to life.

## III.    DISPOSITION

The judgment is modified by striking one of the five-year section 667, subdivision (a)(1) prior serious felony enhancements from each count. As so modified, the judgment is affirmed. The superior court is directed to amend the abstract of judgment to reflect a consecutive 56-years-to-life sentence on count 1, a 35-years-to-life sentence on count 2 (stayed pursuant to section 654), a consecutive 35-years-to-life sentence on count 3, a 35-years-to-life sentence on count 4 (stayed pursuant to section 654), and a total term of 91 years to life. The superior court is further directed to deliver a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

5

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

WILSON, J.



*People v. Keen*
H049197